RECEIVED
USDC. CLERK. CHARLESTON. C

2008 SEP 12  A II: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| El Shaddai Masada, #251328, ) | C. A. No. 2:03-3051-RBH-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mark Sanford, Governor of ) | |
| South Carolina; Jon Ozmint, ) | |
| Director of South Carolina ) | |
| Department of Corrections ) | |
| (SCDC); Acting Warden Evans ) | |
| Correctional Institution ) | |
| Robin Chavis, ) | |
| ) | |
| Defendants. ) | |

This civil rights action brought by a state prisoner
proceeding pro se and in forma pauperis is before the undersigned
United States Magistrate Judge for a report and recommendation on
the defendants' motion for summary judgment.  28 U.S.C. § 636(b).

In his complaint, the plaintiff, El Shaddai Masada, is
challenging the constitutionality of the application of the South
Carolina Desoxyribonucleic Acid Identification Record Database
Act, (the Act), S.C. Code Ann. § 23-3-600, et seq., as amended by
the South Carolina General Assembly effective July 1, 2000.
Masada named as defendants Mark Sanford, Governor of South
Carolina, Jon Ozmint, Director of the South Carolina Department
of Corrections (SCDC) and Robin Chavis, Acting Warden Evans
Correctional Institution.  Masada seeks only injunctive relief.

1

On July 2, 2008, the defendants filed the instant motion for
summary judgment.  On July 3, 2008, the plaintiff was provided a
copy of the motion and was given an explanation of dismissal and
summary judgment procedure as well as pertinent extracts from
Rules 12 and 56 of the Federal Rules of Civil Procedure similar
to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir.
1975).  On August 8, 2008, the plaintiff filed an opposition to
the motion with his affidavit.  Hence, it appears that
consideration of the motion is appropriate.

### SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter
judgment against a party who, "after adequate time for discovery
... fails to make a showing sufficient to establish the existence
of an element essential to that party's case, and on which that
party will bear the burden of proof at trial."  <u>Celotex Corp. v.
Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Where
"there is no genuine issue as to any material fact and ... the
moving party is entitled to judgment as a matter of law," entry
of summary judgment is mandated.  Fed.R.Civ.P. 56(c).  To avoid
summary judgment on defendants' motion, a plaintiff must produce
evidence creating a genuine issue of material fact.  "The mere
existence of a scintilla of evidence in support of the
plaintiff's position will be insufficient; there must be
evidence on which the jury could reasonably find for the

2

plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

**DISCUSSION**

A review of the record and relevant case law indicates that the defendants' motion should be granted and this matter ended.

Plaintiff alleges in his complaint that inmates convicted of certain offenses are required to give DNA samples and are subjected to a two hundred and fifty ($250.00) dollars processing fee for this procedure, pursuant to S.C. Code Ann. § 23-3-670. Plaintiff alleges that money is being deducted from his E.H. Cooper Trust Fund for the DNA fees owed, which, Plaintiff contend, is illegal and in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff seek injunctive relief prohibiting the deduction of any monies from his Cooper Trust Fund account, as well as reinstatement of all money taken from his account.

The state statute at issue provides as follows:

> (A) A person who is required to provide a sample pursuant to this article must pay a two hundred and fifty dollar processing fee which may not be waived by the court. If the person is incarcerated, the fee must be paid before the person is paroled or released from confinement and

3

> may be garnished from wages the person earns while
> incarcerated. If the person is not sentenced to a
> term of confinement, payment of the fee must be a
> condition of the person's sentence and may be paid
> in installments if so ordered by the court.
> (B) The processing fee assessed pursuant to this
> section must be remitted to the general fund of
> the State and credited to the State Law
> Enforcement Division to offset the expenses SLED
> incurs in carrying out the provisions of this
> article.

See, S. C. Code Ann. § 23-3-670.

While this statute does provide that the $250.00 processing

fee "may be garnished from wages the person earns while

incarcerated", it does not restrict payment of these fees to this

process, nor does it prohibit the Department of Corrections from

recovering the process fee from non-wages voluntarily deposited

into inmates' trust accounts.

No due process violation is implicated on these facts, or

under the cited procedures. Plaintiff has clearly been provided

notice of the amount owed and the procedures by which the amount

owed may be paid, including through deductions from an inmate's

prison trust account. Plaintiff is not entitled to a

pre-deprivation hearing to challenge the deduction of any funds,

as the SCDC has a compelling interest in maintaining an orderly

assessment process and Plaintiff may contest any allegedly

erroneous assessment through the prison grievance process. Cf.

Allred v. Barton, No. 06-567, 2007 WL 1585004, at 3-4 (D. Utah

2007); see also, Matthews v. Eldridge, 424 U.S. 319, 335, 96

4

S.Ct. 893 (1976); Elliott v. Simmons, 100 Fed. Appx. 777, 779
(10th Cir. 2004) (prison grievance procedures sufficient to
satisfy procedural due process for erroneous assessments on
inmate account); Thomas v. Hayes, No. 04-284, 2006 WL 2708267, at
7 (E.D. Tenn. 2006). Additionally, Plaintiff has an adequate
post-deprivation remedy for an alleged deprivation of property
under South Carolina law. See, S.C. Code Ann. § 15-69-10, et
seq.; cf. Jones v. Cathel, 2006 WL 756013 (D.N.J. 2006).

Nor do these facts demonstrate a violation of the Ex Post
Fact Clause, which provides that "No state shall ... pass any ...
ex post facto Law." See, U.S. Const. Art I § 10, cl. 1. The
prohibition against ex post facto laws applies only to "penal
statutes which disadvantage the offender affected by them."
Collins v. Youngblood, 497 U.S. 37, 41 (1990). A law may not
make a previously committed act criminal or increase the
punishment for a crime after it was committed. 497 U.S. at 43.
The United States Supreme Court explained the Ex Post Facto
Clause as follows:

> It is settled ... that any statute which punishes
> as a crime an act previously committed, which was
> innocent when done; which makes more burdensome
> the punishment for a crime, after its conclusion;
> or which deprives one charged with crime of any
> defense available according to law at the time
> that the act was committed, is prohibited as ex
> post facto.

497 U.S. at 42.

The plaintiff claims that the requirement that he provide a

5

DNA sample for inclusion in the DNA Database violates ex post

facto prohibitions.   This issue has previously been decided

against the plaintiff by the Fourth Circuit and by many other

courts, including this court.   In <u>Jones v. Murray</u>, 962 F.2d 302

(4th Cir. 1992), the Fourth Circuit addressed an ex post facto

challenge to the Virginia statute creating a DNA database and

requiring convicted felons to submit blood samples for inclusion

in the database.   The Fourth Circuit explained that "a statute

that is not penal cannot be ex post facto."   962 F.2d at 309.

The court then affirmed and adopted the lower court's finding as

follows:   "The requirement that prisoners provide blood samples

is not punitive in nature. ...   The blood sample is taken and

analyzed for the sole purpose of establishing a data bank which

will aid future law enforcement."   962 F.2d at 309.

        The Act at issue here likewise serves solely regulatory and

non-penal purposes.   S.C. Code Ann. § 23-3-610 sets forth the

purpose of the Act as follows:

>           There is established in the South Carolina Law
>           Enforcement Division (SLED) the State
>           Deoxyribonucleic Acid (DNA) Identification Record
>           Database (State DNA Database).   The State Law
>           Enforcement Division shall develop DNA profiles on
>           samples for law enforcement purposes and for
>           humanitarian and non-law enforcement purposes as
>           provided in Section 23-3-640(B).

<u>See</u>, S.C. Code Ann. § 23-3-610.   In turn, S.C. Code Ann. §

23-3-640(B), sets forth seven uses for the DNA information

collected and maintained in the database, none of which are

6

punitive in nature.  See, S.C. Code Ann. § 23-3-640(B).

Applying the holding in Jones, this court in In re DNA Ex Post Facto Issues, 2007 WL 3104935 (D.S.C. 2007), likewise ruled that "the requirement of submission of a bodily sample for purposes of DNA testing does not increase the plaintiffs' punishment or violate the Ex Post Facto Clause."  The court concluded that the DNA Database Act is a civil statute and not a penal statute.  The court cited to the 2004 decision of the South Carolina Court of Appeals in the case of Cannon v. South Carolina Department of Probation, Parole and Pardon Services, 361 S.C. 425, 604 S.E. 2d 709 (Ct. App. 2004), reversed on other grounds, 371 S.C. 581, 641 S.E. 2d 429 (2007).  There the S.C. Court of Appeals ruled that the Act does not implicate the Ex Post Facto Clause because the "[A]ct's purpose and nature is not criminal or penal."  604 S.E.2d at 713.  The court further explained that "the legislature's intent was to create a statute that is civil in nature."  Id.  The court held that "[b]ecause the South Carolina legislature's intent appears to have been to protect the public, and not to punish these individuals who commit or have committed the specific crimes, the Act is non-punitive and does not constitute a criminal penalty."  604 S.E.2d at 714. Likewise, in Sanders v. S.C. Department of Corrections, 2008 WL 2566554 (S.C. Ct. App. 2008), the South Carolina Court of Appeals reached the same conclusion that "the DNA Act is civil, not

7

criminal or penal, in nature. "Therefore, "the DNA Act does not
violate the ex post facto clauses of the United States or South
Carolina Constitutions." Id.

Other courts in this district have also upheld the Act and
the requirement that a DNA sample be provided by inmates in the
same position as the plaintiff here. See, Sprouse v. Sanford,
2008 WL 203022 (D.S.C. 2008); Griffin v. Padula, 518 F.Supp. 2d
680 (D.S.C. 2007); Collins v. Hodges, 2007 WL 3145492 (D.S.C.
2007); Word v. United States Probation Dept., 439 F.Supp.2d 497
(D.S.C. 2006). Similarly courts that have addressed ex post
facto challenges to similar DNA database statutes have upheld
their constitutionality. See, Shaffer v. Saffle, 148 F.3d 1180
(10th Cir. 1998); Rise v. State of Oregon, 59 F.3d 1556 (9th Cir.
1995); Gilbert v. Peters, 55 F.3d 237 (7th Cir. 1995);
Vanderlinden v. State of Kansas, 874 F. Supp. 1210 (D. Kan.
1995); Kruger v. Erickson, 875 F. Supp. 583 (D. Minn. 1995);
Cooper v. Gammon, 943 S.W. 2d 699 (Mo. App. 1997); Padgett v.
Ferrero, 294 F. Supp. 2d 1338 (N.D. Ga. 2003).

In sum, it is well settled that the requirement of
submitting a DNA sample does not violate the Ex Post Facto
Clause. The defendants are therefore entitled to summary
judgment on this issue as well.

Lastly, in his complaint, Plaintiff has also alleged that
the Act violates his Thirteenth Amendment rights. It appears

8

that this claim is frivolous.  The Thirteenth Amendment states: "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist in the United States, or any place subject to their jurisdiction."  Here, Plaintiff has not and cannot explain how the Act implicates the prohibition on involuntary servitude. The only case where a similar claim under the Thirteenth Amendment was raised is <u>United States v. Hicks</u>, 471 F.3d 766 (7th Cir. 2006).  In that case the plaintiff similarly failed to present any lucid argument.  The Seventh Circuit wrote: "[R]egarding his Thirteenth Amendment claim, Hook fails to provide any citation or basis for his assertion that the 'punishment' of the DNA collection constitutes enslavement. Merely setting forth a constitutional amendment and asserting a violation, without further explication, does not present an issue for review and results in a waiver of that issue."  471 F.3d at 775.  It appears that the same result should be reached here.

### CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended the defendants' motion be granted and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

9/12/08
Charleston, S.C.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

11